**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-4776**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BILLY E. LUNSFORD, a/k/a Peg-leg,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Thomas E. Johnston, District Judge.  (2:10-cr-00182-1)

───────────────

Submitted:  March 2, 2012          Decided:  March 26, 2012

───────────────

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin, II, United States Attorney, William B. King, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Billy E. Lunsford appeals his conviction and seventy-seven month sentence pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006). On appeal, Lunsford argues first that § 922(g)(1) is unconstitutional because it violates the Second Amendment and because he has an "inability to retreat" due to medical conditions. Lunsford next argues that his sentence is procedurally unreasonable, asserting that the Guidelines enhancement for possessing a stolen firearm, USSG § 2K2.1(b)(4), is invalid because it does not contain a mens rea requirement. We affirm.

In United States v. Moore, 666 F.3d 313, 316-17 (4th Cir. 2012), we held that "§ 922(g)(1) [is] a constitutionally valid statute." While we left open the possibility of a successful as-applied challenge, we noted that the Moore defendant did not fall within the category of "law-abiding responsible" citizens that the Second Amendment protects. Id. (citing District of Columbia v. Heller, 554 U.S. 570, 635 (2008)). Similarly, Lunsford has a record of felony convictions for uttering, grand theft of a motor vehicle, and delivery of hydrocodone. Like the defendant in Moore, and notwithstanding his limited mobility and any difficulty he may have in defending himself, Lunsford's criminal history places him outside of the category of non-violent, law-abiding citizens protected by the

2

Second Amendment.  See United States v. Torres-Rosario, 658 F.3d 110, 113 (1st Cir. 2011).  Lunsford's constitutional challenge to § 922(g)(1) therefore fails.

Lunsford next challenges the procedural reasonableness of his sentence, arguing that the enhancement applied by the district court is invalid.  This court reviews a sentence for reasonableness "under a deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41 (2007).  In determining procedural reasonableness, this court considers, inter alia, whether the district court properly calculated the defendant's Guidelines range.  Id. at 49-51.  Lunsford's sentencing challenge fails because it was expressly rejected in United States v. Taylor, 659 F.3d 339, 343 (4th Cir. 2011) ("Taylor asks that we invalidate [USSG § 2K2.1(b)(4)(A)] on the grounds that its lack of a mens rea requirement renders it inconsistent with federal law.  This we cannot do.").  Lunsford's sentence is therefore not procedurally unreasonable.

Accordingly, we affirm Lunsford's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED